IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 19, 2008

**STATE OF TENNESSEE v. KRISTA REGINA LESCH**

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 2002-A-375, 385, and 486     Steve Dozier, Judge**

---

**No. M2007-00429-CCA-R3-CD - Filed June 25, 2008**

---

The defendant, Krista Regina Lesch, pled guilty to three counts of obtaining a Schedule II controlled substance by fraud (Class D felony) and attempted child neglect (Class E felony). She was sentenced as a Range I, standard offender to two years on community corrections for one of the Class D felonies and to one year on community corrections for the Class E felony, with the sentences to run concurrently with credit for time served. She was further sentenced to two years on both of the other Class D felony convictions, with those sentences to run consecutively to the other sentence for a total effective sentence of six years, with time served and the balance on community corrections. The defendant violated the terms of her community corrections sentences on several occasions and eventually had her sentences revoked and increased. On appeal, she argues that the trial court erred in revoking her community corrections release and in increasing her effective sentence from six to nine years. After careful review, we conclude that no error exists and affirm the judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Michael A. Colavecchio, Brentwood, Tennessee, for the appellant, Krista Regina Lesch.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to three counts of obtaining a Schedule II controlled substance by fraud and one count of attempted child neglect and was sentenced to community corrections. On several occasions, warrants for the defendant were issued due to violations of her community corrections sentences. After each offense, the court held a hearing and either reinstated her

alternative sentence or ordered a period of confinement followed by a return to the alternative sentences.

The most recent incident, giving rise to this appeal, occurred on October 4, 2006, when an arrest warrant was issued charging the defendant with violation of the terms of her community corrections release by: refusing to give a urine sample; a new offense, an arrest for being in possession of drug paraphernalia and driving on a suspended license; failure to complete drug treatment; and failure to inform her community corrections officer of her arrest. A hearing was held on November 30, 2006, and the trial judge sustained the warrant and continued the case. The court entered an amended judgment that indicated the community corrections sentence was revoked. A sentencing hearing was held of January 11, 2007, and the court took the matter under advisement. On January 25, 2007, the trial court issued a re-sentencing order and increased the defendant's total effective sentence from six to nine years. Specifically, the trial court increased each of the defendant's sentences for Class D felony convictions from two years to three years. The new judgments were entered on January 31, 2007, and the defendant filed a notice of appeal on February 16, 2007.

During the November 30, 2006 Community Corrections Violation Hearing, a detective with the Nashville Police Department testified that he was involved in a "buy bust operation" on August 28, 2006, that resulted in a drug dealer being arrested. Later that day, he received a phone call on the dealer's cell phone. He answered the phone, and a female voice ordered four Dilaudid pills. The detective arranged to meet the caller in the same alley where the drug dealer had been arrested and was told she would be driving a blue Pontiac Sunfire.

The detective testified that he went to the location and observed a vehicle matching the description given to him by the woman on the phone. He stopped the vehicle and determined that the defendant was the driver and that the woman he spoke to on the phone was the passenger in the vehicle. He testified that the defendant did not have a valid driver's license. A search of the vehicle produced two syringes with yellow residue on them which the detective said was consistent for use with Dilaudid.

The defendant's community corrections officer testified that she visited the defendant's home on September 30, 2006, because the defendant had rescheduled twenty-three office visits in less than three months and had not always provided documentation for her absences. The officer testified that, when she took out the drug screen, the defendant began shaking and her eyes "got really big." The defendant told the officer that she did not want to do a drug screen because she had taken a Lortab. The defendant also told the community corrections officer that she could not use the bathroom because the toilet was broken; however, a male in the home used the bathroom during the time the officer was there. She said that she waited fifteen minutes for the defendant to take the test and then left the house because "it was clear" the defendant did not want to take the drug test. The defendant had taken a drug test eleven days earlier with a negative result. A few days later, the defendant came to the officer and took a drug test with a negative result.

The community corrections officer testified that, even though the court had ordered the defendant not to live with her husband, she was living with both her husband and her mother at the time of the drug screen. She said the defendant did not complete the Pathfinders course as ordered by the court and did not report that she had obtained new criminal charges after her arrest in September 2006. She testified that the defendant knew she was to report any arrests as a condition of her community corrections release.

On January 11, 2007, the trial court conducted a re-sentencing hearing in which the state introduced the community corrections re-sentencing report, which listed the defendant's prior violations. In addition to the community corrections violations, the defendant had prior convictions for criminal trespass, shoplifting, theft of property, forgery, aggravated assault, criminal impersonation, and numerous traffic violations.

During the hearing, the defendant testified that she had a prior history of drug abuse. She also acknowledged that she failed to give a drug sample during a home visit by her community corrections officer. She stated that she was afraid the test would be positive for drugs because she had taken a Darvocet for a migraine headache. The Darvocet had been prescribed for her sister. She testified that she had worked hard to stay clean and did not want the incident to set her back. She said she told the community corrections officer that she took a Lortab because, at the time, she thought that was what she took. Only later did she look at the bottle and discover that it was Darvocet rather than Lortab.

The defendant said she had not tested positive for drugs at any other time while she was on community corrections and testified that she had not used drugs except for this particular incident. She said that she had missed a number of her appointments with her community corrections officer because her daughter had been hospitalized, but she acknowledged that her reporting had been erratic.

The defendant acknowledged that she was guilty of driving on a suspended license and possession of drug paraphernalia. She claimed that she was giving her friend a ride to meet someone and did not realize what was happening until her friend called someone and asked for pills.

The defendant testified that she had taken several classes in a program called Breaking the Chains. She also testified that she was involved in a twelve-step recovery program called Celebrate Recovery and that she regularly attended Narcotics Anonymous meetings.

Analysis

The defendant argues that the trial court erred in increasing her sentences from two to three years each and in revoking her community corrections sentence. The Tennessee Community Corrections Act of 1985, which governs community corrections sentences, provides that:
> [t]he court shall . . . possess the power to revoke the sentence imposed at any time
> due to the conduct of the defendant . . . and the court may resentence the defendant

to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4). The trial court may revoke a community corrections sentence upon finding, by a preponderance of the evidence, that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. Id.

The record contains evidence to support the trial court's conclusion that the defendant violated the terms of her community corrections release. The detective testified that he stopped the defendant's vehicle based on information that one of its occupants was attempting to purchase drugs. The defendant was unable to produce a valid driver's license after the stop. A search of the vehicle revealed two syringes that appeared to have been used for drugs. The defendant acknowledged she had reoffended while on community corrections. Further, the defendant's community corrections officer testified that the defendant did not report the new offenses as required by her terms of release. The defendant also violated the terms of her release by refusing to submit to a drug test and by failing to complete drug treatment as ordered by the trial court. The record supports the trial court's findings that the defendant violated the terms of her release; therefore, the trial court did not abuse its discretion and the defendant is not entitled to any relief on this issue.

Next, the defendant argues that the trial court improperly increased her sentences from two years to three years. When a criminal defendant challenges the length, range, or manner of service of a sentence imposed by the trial court, this court must conduct a de novo review of the record with a presumption that the sentencing determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). "The presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

So long as the sentencing court followed the appropriate statutory procedure and imposed a lawful sentence after giving due consideration and proper weight to the factors and principles under law and so long as the sentencing court's findings of facts are adequately supported by the record, then [the appellate court] may not modify the sentence, even if actually preferring a different result. State v. Goodwin, 143 S.W.3d 771, 783 (Tenn. 2004) (citing State v. Pike, 978 S.W.2d 904, 926-27(Tenn.1998)).

The defendant's original sentence was to two years for each of her three Class D felony convictions. As a Range I offender, she was subject to a sentence of two to four years for each conviction. Tenn. Code Ann. § 40-35-112. The trial court enhanced the defendant's sentence because of her previous history of criminal convictions or behavior, in addition to those necessary to establish the range pursuant to Tennessee Code Annotated section 40-35-114(1). The court noted that the defendant had several misdemeanor convictions, in addition to convictions for forgery and

theft, that occurred while she was on community corrections. The court is permitted to consider this factor in enhancing the defendant's sentence, and no error exists.

Because the court determined that the defendant violated her community corrections sentences, the court was within its discretion in ordering the defendant to confinement and in enhancing her sentences.

Conclusion

Based on the foregoing and the record as a whole, we conclude that no error exists and affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE